1

2

3

4

5

6

7             IN THE UNITED STATES DISTRICT COURT

8         FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   In the Matter of                              No. 3:11-mc-80066-CRB (EDL)

11   ENFORCEMENT OF SUBPOENA ISSUED BY       **ORDER GRANTING PETITION TO**
     THE FEDERAL DEPOSIT INSURANCE           **ENFORCE SUBPOENA ISSUED BY THE**
12   CORPORATION                             **FEDERAL DEPOSIT INSURANCE**
                                             **CORPORATION**
13

14   _____

15

16         Pursuant to an investigation into loans made by United Commercial Bank ("UCB"), the

17   Federal Deposit Insurance Corporation ("FDIC") issued a subpoena to Morrison & Foerster LLP

18   ("Morrison & Foerster") for written transcripts of UCB business meetings, requesting:

19         All written transcripts or other written recitations or recordings of any meeting
           conducted by United Commerical Bank, including but not limited to Board of
20         Directors meetings, any committees or sub-committees of the Board of Directors,
           Portfolio Review Committees, [and] any subcommittee of the Portfolio Review
21         Committee.

22   Petition at 1; Exh 2.  Morrison & Foerster had prepared the transcripts from approximately 185

23   hours of audio recordings in anticipation of an SEC litigation against its clients, former directors of

24   UCB Holding Company ("UCBH").  The FDIC also has these audio tapes in its possession.

25   Morrison & Foerster objected to the subpoena on the grounds that the transcripts are attorney work

26   product.  Thereafter, FDIC filed a petition for enforcement of subpoena.  The petition was referred to

27   this Court for resolution.  The Court issued a briefing schedule and received full briefing from the

28   parties.  For the reasons stated in this order, FDIC's petition is GRANTED.

**United States District Court**
For the Northern District of California

## I.      Discussion

It is not disputed that FDIC has authority to issue the subpoena pursuant to power granted by Congress to investigate banks and their affiliates.  12 U.S.C. § 1818.  Further, the requirements for an enforceable subpoena are also met because the FDIC's investigation is within the agency's authority, the demand for documents is not too indefinite, and information sought is reasonably relevant.  See United States v. Morton Salt Co., 338 U.S. 632, 643 (1950).  The basis of Morrison & Foerster's objection is that the transcripts of audio recordings of unprivileged meetings are attorney work product and, therefore, protected from disclosure.

The doctrine of attorney work product aims to preserve the adversarial process of litigation system.  Hickman v. Taylor, 329 U.S. 495, 516 (1947).  As codified in Rule 26(b)(3) of the Federal Rules of Civil Procedure, a party may not discover materials prepared in anticipation of litigation by an opposing party's counsel unless the party has "substantial need" and is "unable without undue hardship to obtain the substantial equivalent of the materials by other means."  Fed. R. Civ. Proc. P. 26(b)(3).  The scope of protection varies depending on whether the item to be discovered is a "fact" work product or an "opinion" work product.  Fletcher v. Union Pac. R.R., 194 F.R.D. 666, 671 (S.D. Cal. 2000); Kintera, Inc. v. Convio, Inc., 219 F.R.D. 503, 507 (S.D. Cal. 2008).

Fact work product consists of factual material and is subject to a qualified protection that a showing of substantial need can overcome.  Id.  The party asserting work product protection bears the burden of establishing that the materials are work product.  Id.  Even when documents are protected work product, they can be discoverable upon a showing that the party seeking discovery has a substantial need for the information and an inability to obtain the information from some other source without undue hardship.  Green v. Baca, 226 F.R.D. 624, 652 (C.D. Cal. 2005); Kintera, 219 F.R.D. at 507.

### A.      The written transcripts are not entitled to work product protection

The audio tapes from which the transcripts were made contained recordings of meetings conducted in UCB's ordinary course of business.  Hence, the audio recordings of the meetings

United States District Court
For the Northern District of California

themselves are not subject to work product protection.  <u>United States v. Adlman</u>, 134 F.3d 1194, 1204 (2d Cir. 1998) (holding only documents prepared because of the prospect of litigation are subject to protection).  Further, the transcription process by itself did not create documents subject to work product protection.

In <u>Riddell Sports Inc. v. Brooks</u> , 158 F.R.D. 555, 557 (S.D.N.Y. 1994), transcripts of unprivileged conversations were not subject to attorney work product protection.  There, the defendant requested tape recordings made by an officer of the plaintiff company during telephone conversations with the defendant, as well as any transcripts thereof.  <u>Id.</u> at 558.  In ordering the transcripts to be discovered, the court held that "the collection of evidence, without any creative or analytic input by an attorney or his agent, does not qualify as work product" and the "same is true of the transcription process: it is entirely devoid of analysis or synthesis and so is beyond work product doctrine."  <u>Id.</u> at 559; <u>see also</u> <u>United States v. Stewart,</u> 287 F. Supp. 2d 461, 467 (S.D.N.Y. 2003) (noting that the "collection of evidence, without any creative or analytic input by an attorney or his agent, does not qualify as work product"); <u>In re Grand Jury Subpoenas</u>, 179 F. Supp. 2d 270 (S.D.N.Y. 2001) (holding that pardon applications are discoverable and reiterating the holding of <u>Riddell</u>).  Similarly, "minor non-substantive edits that in no way comprise mental impressions, conclusions, opinions or legal theories" are not entitled to protection.  <u>Crosby v. New York</u>, 269 F.R.D. 267, 281-282 (S.D.N.Y. 2010).

Here, there has been no showing that the transcription process involves any creative or analytic input from counsel.  Further, the minor input of the transcriber as to whether the speaker is male or female and some phonetic spellings are inadequate to establish work product protection for the transcripts of unprivileged audio tapes.  <u>See also</u> <u>Loftin v. Bande</u>, 258 F.R.D. 31, 35 (D.D.C. 2009) (holding that transcripts of unprivileged conversations are not protected by work product); <u>Dobbs v. Lamonts Apparel, Inc.</u>, 155 F.R.D. 650, 651 (D. Alaska 1994) (holding that "verbatim statements of third-party witnesses" are not protected under work product).  Thus, the transcripts are not entitled to work product protection.  <u>Padgett v. Monte Sereno</u>, 2007 WL 4554322, 4 (N.D. Cal Dec. 20, 2007), does not necessarily support a different result, because it is not clear whether the transcripts there were verbatim and whether they contained mental impressions.  <u>Id.</u>

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1      **B.**      **Even if the transcripts are fact work product, FDIC has shown substantial need**

2            **and undue hardship**.

3      A party's substantial need and undue hardship can overcome the protection.  See Fed. R. Civ.

4 Proc. P. 26(b)(3); Admiral Ins. Co. v. United States Dist. Court, 881 F.2d 1486, 1494 (9th Cir. 1989)

5 (holding work-product materials may be produced upon a demonstration of substantial need or

6 inability to obtain the equivalent without undue hardship).  The determination of substantial need

7 depends on the facts of each case and whether the requesting party has reasonable alternatives for

8 obtaining the equivalent.  See Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Sys., 2005

9 U.S. Dist. LEXIS 43648, 19-21 (N.D. Cal. June 21, 2005) (holding that a requisite showing has been

10 made due to over 1200 potential witnesses and approaching discovery cut-off date).

11      Even assuming Morrison & Foerster's transcripts would be entitled to protection, they are at

12 most fact work product and are thus subject to disclosure upon FDIC's showing of substantial need

13 for the information.  Here, as in Portis v. Chicago, 2004 WL 1535854, 4 (N.D. Ill. July 7, 2004),

14 FDIC has demonstrated substantial need and undue hardship.  It is undisputed that the substance of

15 the recording is important for FDIC's investigation and audio tape transcripts would facilitate the

16 investigative efforts.  To duplicate Morrison & Foerster's transcription to obtain the equivalent,

17 FDIC would incur a cost of $55,500.  See Sheldon Decl. ¶2-3.  Such expenditure of government's

18 finite resources is an unnecessary waste and constitutes undue hardship.  See Portis, 2004 WL

19 1535854 at 4 (holding that it would be a waste of time and money to recreate the database containing

20 data for 20,000 potential class members, and that although plaintiff had spent more than $90,000 to

21 compile the database, sharing the database would benefit the litigation process).

22 **II.**     **Conclusion**

23      The petition for enforcement of subpoena is GRANTED.

24      **IT IS SO ORDERED.**

25 Dated: June 27, 2011

26               ELIZABETH D. LAPORTE
              United States Magistrate Judge

27

28